UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mia Mohammadb, individually and on behalf of all others similarly situated;<br><br>       Plaintiff,<br><br><br><br>  -v.-<br><br>National Enterprise Systems, Inc.<br><br>       Defendant. | Civil Action No: 1:21-cv-5606<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Mia Mohammadb (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Horowitz Law, PLLC, against Defendant National Enterprise Systems, Inc.(hereinafter "Defendant" or "NES"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

  1.  Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

1

collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Queens.

8. Defendant National Enterprise Systems, Inc.is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served with process upon the C T Corporation System its registered agent for service of process, at 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant NES is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant NES sent an initial collection letter attempting to collect a consumer debt;

    c. that provides an unclear amount as to the amounts owed and the balance;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §1692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to October 8, 2020, an obligation was allegedly incurred by Plaintiff to non-party Bank of America, N.A. ("BANA").

21. The alleged obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

22. The alleged BANA obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23. BANA is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Defendant NES was contracted by BANA to collect the alleged debt.

25. Defendant NES collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – October 8, 2020 Collection Letter*

26. On or about October 8, 2020, Defendant NES sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt. **See Exhibit A**.

27. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. The Letter was received and read by Plaintiff.

29. 15 U.S.C. § 1692g requires a debt collector within five days of an initial communication to provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

    a. the amount of the debt;

    b. the name of the creditor to whom the debt is owed;

    c. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    d. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    e. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

30. The Letter provides an itemization of the debt as follows:

The total amount of the debt due as of charge-off: $4642.59
The total amount of interest accrued since charge-ff: $0.00
The total amount of non-interest charges or fees accrued since charge-off: $429.00
The total amount of payments and credits made on the debt since charge-off: $429.00

**Total Amount Due: $4,642.59**

31. Upon information and belief, the amount due at charge-off included principal, interest and charges and fees due on the alleged debt.

32. Upon information and belief, Defendant falsely seeks to collect unauthorized charges or fees accrued since charge off that are not allowed for in the credit agreement between Plaintiff and the original creditor.

33. Upon information and belief, Defendant is not permitted by law to include charges or fees after charge off.

34. In addition, the inclusion of post charge-off charges or fees, leaves open the possibility that these mysterious charges or fees could increase to an even greater amount for the same unknown reason they were originally added.

35. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the amount of his obligation is static or dynamic.

36. Plaintiff has been misled as to what the accurate balance is and whether additional interest and fees will be added so that her balance continues to increase.

37. Defendant is required to advise the debtor "what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase". *Carlin v. Davidson Fink LLP*, 842 F.3d 207, 216 (2d Cir. 2017).

38. The Letter is misleading because Plaintiff could not accurately determine what amount was needed to satisfy the debt.

39. If Plaintiff pays the Current Balance stated on the notice, he does not know whether the debt has been paid in full.

40. Defendant could still seek the stated additional charges or fees since charge-off, or Defendant may even seek to collect additional charges or fees post charge-off from that which was included in the Letter.

41. In addition, upon information and belief, Defendant falsely includes a payment and credit to that were not made.

42. Plaintiff was left confused regarding the actual status of his balance due and owing and what additional charges or credits may or may not be forthcoming.

43. The deceptive, confusing deceptive, false and misleading itemization of the current balance renders the spirit of the G-Notice ineffective and completely overshadows same.

44. Plaintiff was concerned and confused by the Letter and was therefore unable to evaluate his options of how to handle this debt.

45. The Letter is therefore false, misleading, unfair, illegal, unconscionable, and deceptive.

46. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

47. Because of the Letter, Plaintiff expended time, money, and effort in determining the proper course of action.

48. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

49. The violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

50. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

51. As a result of the Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Defendants violated said section by:

   a. As the letter falsely represents the true amount of the debt in violation of §1692e(2);

   b. By making a false and misleading representation in violation of §1692e(10).

56. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

57. Plaintiff repeats the allegations above as if set forth here.

58. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

59. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

60. Defendant violated this section by unfairly stating conflicting amounts for the debt and its component parts.

61. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

62. Plaintiff repeats the above allegations as if set forth here.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

64. Pursuant to 15 U.S.C. § 1692g:

65. Pursuant to 15 U.S.C. §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt

66. Defendant violated 15 U.S.C. §1692g by falsely representing the true amount of the debt and whether it is static or dynamic despite implications in the letter both ways.

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mia Mohammadb, individually and on behalf of all others similarly situated, demands judgment from Defendant NES as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
       October 7, 2021

/s/ Uri Horowitz
By: Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8700
Fax: (718) 705-8705
Email: uri@horowitzlawpllc.com
*Attorneys For Plaintiff*