MATTHEW B. JOHNSON
MBJOHNSON@GRSM.COM
DIRECT DIAL: 212.402.2298



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA, 28TH FL.
NEW YORK, NY 10004
WWW.GRSM.COM

November 18, 2021

**VIA ECF**

The Honorable William F. Kuntz, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mia Mohammadb v. National Enterprise Systems, Inc.*
               Civil Action No. 1:21-cv-05606 (WFK)(MMH)

Dear Judge Kuntz:

      Pursuant to Rule III.B(1)(i) of Your Honor's Individual Motion Practices and Rules, Defendant National Enterprise Systems, Inc. ("NES") hereby requests a pre-motion conference. NES would like to file a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), that would dispose of the Fair Debt Collection Practices Act ("FDCPA") claims alleged by Plaintiff Mia Mohammadb ("Plaintiff") in her Class Action Complaint ("Complaint"). *See* Doc. 1, PageID #1-12.

      In this case, Plaintiff alleges three (3) FDCPA claims arising from her receipt of an October 8, 2020, collection letter (the "Letter"). *Id.* at PageID #10-11. A copy of the Letter was attached to Plaintiff's Complaint as Exhibit A. *See* Doc. 1-1, PageID 14-15. Specifically, Plaintiff claims that NES violated 15 U.S.C. §§ 1692e(2), 1692f, and 1692g when it sent her the Letter that included the following information:

> Current Creditor: Bank of America, N.A.
> Original Creditor: Bank of America, N.A.
> Account Number: [REDACTED]
> NES Account Number: [REDACTED]
> The total amount of the debt due as of charge-off: $4642.59
> The total amount of interest accrued since charge-off: $0.00
> The total amount of non-interest charges or fees accrued since charge-off: $429.00
> The total amount of payments and credits made on the debt since the charge-off: $429.00
> Please contact: Eric Smedley or Matt Spino at (800) 925-6141 ext. 2072

      **Total Amount Due: $4,642.59**

November 18, 2021
Page 2

*See* Doc. 1, PageID #6-9.

Although it is well-settled that collection letters are evaluated by courts in the Second Circuit under the "least sophisticated consumer" standard, it is equally well-settled that courts "must be careful to preserve a concept of reasonableness" to protect against "bizarre" or "idiosyncratic" interpretations by consumers and their attorneys. *See Park v. Dynamic Recovery Solutions, LLC*, Case No. 20-cv-1671 (ENV) (JO), 2021 WL 3603435, *2 (E.D.N.Y. Aug. 13, 2021). Here, though 23 NYCRR § 1.2(b)(2) required NES to provide Plaintiff with the itemized balance information that she seeks to use as a springboard to recover damages under the FDCPA, her allegations are reminiscent of the collection letter allegations in *Ocampo v. Client Servs., Inc.* that Judge Cogan described as being conceivable by "only a sophisticated lawyer, not the least sophisticated consumer[.]" Case No. 18-cv-4326 (BMC), 2019 WL 2881422, *1-3 (E.D.N.Y. July 3, 2019).

First, Plaintiff claims that the Letter "falsely seeks to collect unauthorized charges or fees accrued since charge off that are not allowed for in the credit agreement between Plaintiff and the original creditor." *See* Doc. 1, PageID #8. This claim, however, is directly contradicted by the fact that the "Total Amount Due" of $4,642.59 that is identified by NES is <u>identical</u> to the amount identified as the "total amount of the debt due as of charge-off[,]" See Doc. 1-1, PageID 14-15. Nor does Plaintiff allege anywhere in her Complaint that she, in fact, does not owe the $4,642.59 balance that was placed with NES for collection and was sought to be collected by the Letter. *See* Doc. 1, PageID #1-12.

Next, Plaintiff alleges that NES "is not permitted by law to include charges or fees after charge off." *Id.* at PageID #8. However, this allegation fails to take into consideration that the Letter explicitly identifies Bank of America, N.A. ("BANA") as the "Current Creditor" – not NES – and there is nothing on NES' letter to suggest that <u>NES</u> has added charges or fees after charge-off. *See* Doc. 1-1, PageID 14-15. Rather, the Letter identifies the "total amount of non-interest charges or fees accrued since charge-off" as $429.00 and the "total amount of payments and credits made on the debt since the charge-off" as $429.00. *Id*.

Plaintiff further alleges that "the inclusion of post charge-off charges or fees, leaves open the possibility that these mysterious charges or fees could increase to an even greater amount for the same unknown reason they were originally added" and "[b]ecause of the lack of any information foreclosing this possibility, Plaintiff does not know if the amount of his obligation is static or dynamic." *See* Doc. 1, PageID #8. This allegation similarly ignores the information set forth on the face of the Letter, *i.e.*, that post-charge-off charges and fees were $429.00 and post-charge-off payments and credits were also $429.00. *See Dick v. Enhanced Recovery Co., LLC*, Case No. 15-cv-2631 (RRM) (SMG), 2016 WL 5678556, *5 (E.D.N.Y. Sept. 28, 2016) ("[T]here is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future.").

While Plaintiff claims that she "has been misled as to what the accurate balance is and whether additional interest and fees will be added so that her balance continues to increase[,]" the Letter clearly states that the "Total Amount Due" is $4,642.59. *See* Doc. 1, PageID #8; Doc. 1-1, PageID #14-15. This information satisfies the *Avila* requirement that a collection letter provide

November 18, 2021
Page 3

the amount of payment that will be accepted to satisfy the debt. *See Taylor v. Fin. Recovery Servs., Inc.*, 252 F.Supp.3d 344, 352 (S.D.N.Y. 2017). There is simply no legitimate basis upon which Plaintiff can claim that she "could not accurately determine what amount was needed to satisfy the debt." *See* Doc. 1, PageID #8.

Next, Plaintiff accuses NES of "falsely includ[ing] a payment and credit to [sic] that were not made." *Id.* at PageID #9. This accusation, however, also flies in the face of the information set forth on the Letter. *See* Doc. 1-1, PageID #14-15. The account for Plaintiff was placed with NES by BANA, and BANA is both the "Original Creditor" and the "Current Creditor." *Id*. While Plaintiff states that the referenced post-charge-off charges and fees of $429.00 and post-charge-off payments and credits of $429.00 were not made, the fact that Plaintiff defaulted on her account and did not make the referenced charges/credits herself does not somehow render the information false or misleading.

The only specific violation alleged in Plaintiff's Complaint is the alleged violation of 15 U.S.C. § 1692e(2). *See* Doc. 1, PageID #10-11. That section generally prohibits debt collectors from using any false, deceptive or misleading representation or means in connection with the collection of any debt and specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt[.]" *See* 15 U.S.C. § 1692e(2)(A). On its face, the Letter does not falsely represent the character, amount, or legal status of the BANA account in Plaintiff's name that was placed with NES for collection. *See* Doc. 1-1, PageID #14-15. The Letter sets forth the itemized balance information about the account that was required to be provided – nothing more, nothing less. *Id*.

Although Plaintiff claims that NES generally violated 15 U.S.C. § 1692f, the basis for such allegation is that NES allegedly stated "conflicting amounts for the debt and its component parts." *See* Doc. 1, PageID #11. On its face, the Letter establishes that NES did not provide any conflicting information about what Plaintiff owed. *See* Doc. 1-1, PageID #14-15.

Finally, Plaintiff claims that NES generally violated 15 U.S.C. § 1692g. *See* Doc. 1, PageID #11. This claim is based on Plaintiff's belief that NES "falsely represent[ed] the true amount of the debt and whether it is static or dynamic despite implications in the letter both ways." *Id*. On its face, the Letter establishes that NES did not misstate the amount of Plaintiff's BANA account and did not provide conflicting information about whether the balance owed by Plaintiff was static or dynamic. *See* Doc. 1-1, PageID #14-15.

Based on the foregoing, NES respectfully requests a pre-motion conference. Thank you for your consideration.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

Matthew B. Johnson