UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIA MOHAMMADB, *individually and on behalf of* :
*all others similarly situated,*                                      :
                                                                              :
                                        Plaintiff,                      :
                                                                              :          **MEMORANDUM & ORDER**
                        v.                                              :          21-CV-5606 (WFK) (MMH)
                                                                              :
NATIONAL ENTERPRISE SYSTEMS, INC.,                    :
                                                                              :
                                        Defendant.                   :
-----------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge**:

Mia Mohammadb ("Plaintiff") brings this action against National Enterprise Systems, Inc. ("Defendant") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Before the Court is Defendant's Motion to Dismiss the Complaint. ECF No. 13. For the following reasons, Defendant's Motion is GRANTED and this action is DISMISSED for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

This action arises from a collection letter ("the Letter") Defendant National Enterprise Systems, Inc. ("Defendant") sent to Plaintiff Mia Mohammadb ("Plaintiff") on or about October 8, 2020. Compl., ECF No. 1, ¶ 22. By way of background, Defendant specializes in collecting debts related to "personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet." *Id.* ¶ 25. Defendant thus sent the Letter, which concerns an obligation Plaintiff allegedly incurred from non-party Bank of America, N.A. ("BOA"), as part of its contractual agreement with BOA to collect Plaintiff's alleged debts. *Id.* ¶¶ 20, 24.

Subsequently upon receiving the Letter, on October 7, 2021, Plaintiff filed a Complaint, in which she claims Defendant violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"). *See generally* Compl. Namely, Plaintiff alleges the Letter: (1) used false, deceptive, or misleading representation in connection with the collection of a debt, in violation of

1

15 U.S.C. § 1692e; (2) used unfair or unconscionable means in connection with the collection of the debt, in violation of 15 U.S.C. § 1692f; and (3) failed to include certain enumerated information, in violation of 15 U.S.C. § 1692g.  *Id.*  On April 8, 2022, Defendant moved to dismiss this action for failure to state a claim upon which relief can be granted.  Def. Mot., ECF No. 13.

## DISCUSSION

Underlying the instant suit is Plaintiff's claim that, as a result of the Letter, she "could not accurately determine what amount was needed to satisfy [her] debt."  *Id.*  ¶ 38.  Specifically, Plaintiff alleges the Letter included only "post charge-off charges or fees," and thus left "open the possibility that these mysterious charges or fees could increase to an even greater amount for the same unknown reason they were originally added."  *Id.* ¶ 34.  In response, Defendant argues the Letter "contain[ed] no language to either explicitly or implicitly suggest that some other amount would be needed to satisfy the Account."  Def. Mem., ECF No. 13-1, at 11.

As a threshold matter, the Court lacks subject matter jurisdiction over this action and thus cannot proceed to consider the merits of the case.  "It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'"  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021).  A case or controversy exists only when a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent."  *Id.*  Unless the Court is satisfied the Plaintiff meets these elements and thus has standing to proceed, the Court cannot proceed with the adjudication.  Indeed, the Court  has "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties."  *Summers v. Earth Island Inst.*, 555

2

U.S. 488, 499 (2009).

"Even where Congress has created a statutory cause of action, a violation of that statute is not necessarily sufficient to establish an injury-in-fact for purposes of establishing Article III standing." *Yelardy v. Miller & Milone, P.C.*, 21-CV-1724, 2022 WL 4813016, at *1 (E.D.N.Y. Oct. 3, 2022) (Kuntz, J.). Rather, "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* (citing *TransUnion LLC*, 141 S. Ct. at 2205).

Plaintiff alleges "[she] expended time, money, and effort in determining the proper course of action" upon receiving the Letter. *Id.* ¶ 47. Plaintiff also claims she "suffered emotional harm due to Defendant's improper acts." *Id.* ¶ 48. However, it is well established that such allegations are insufficient to confer standing in the context of the FDCPA. *See Yelardy*, 2022 WL 4813016, at *1 (finding the expenditure of time, money, and effort and confusion about a plaintiff's rights insufficient to establish standing); *see also Benhayun v. Halsted Fin. Servs., LLC*, 21-CV-4421, 2022 WL 4813538, at *2 (E.D.N.Y. Sept. 30, 2022) (Kuntz, J.) (finding confusion, frustration, and the expenditure of time and money insufficient to establish standing); *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021) ("A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing."); *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, 22-CV-1156, 2022 WL 1124828, at *2 (E.D.N.Y. Apr. 14, 2022) (Chen, J.) (finding emotional harm, concern and confusion, and detrimental reliance insufficient to establish standing).

In sum, none of the harms Plaintiff alleges to have suffered as a result of receiving the Letter are sufficiently actual or imminent to establish a concrete injury for standing purposes.

Accordingly, because Plaintiff does not have Article III standing, the Court dismisses the action for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion at ECF No. 13 and DISMISSES this action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 13, issue judgment in favor of Defendant, and close this case.

**SO ORDERED.**

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2023
     Brooklyn, New York